## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | **Chapter 13** |
| **MICHELLE LEE LEFEBVRE** | ) | |
| and | ) | **Case No.: 11-20860** |
| **PAUL JOSEPH LEFEBVRE** | ) | |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

### ORDER ON FIRST APPLICATION OF JEFFREY R. GNECCO, ESQ.
### FOR COMPENSATION OF LEGAL SERVICES

This matter came before the court on the first application of Jeffrey R. Gnecco, Esq. ("Mr. Gnecco") for compensation as counsel for Michelle Lee Lefebvre and Paul Joseph Lefebvre (the "Debtors") seeking $10,084.50[1] in fees for services rendered for the fourteen month period between January 31, 2013 and March 24, 2014 (Docket Entry (DE) 143) (the "Application").   No party objected to the Application, however I decided to review the Application sua sponte.  A hearing was held on April 30, 2014, following which Mr. Gnecco filed an amended itemized statement of services rendered (DE 149).

I conclude that the Application shall be granted in the sum of $4,000.  In reaching this determination, I have considered the Application, the amended itemized statement of services,

---

[1] This figure is based upon 58.6 hours of services which at Mr. Gnecco's hourly rate of $225 (except for the March 24, 2014 entry which was initially at $250/hour ) would total $13,195 but Mr. Gnecco voluntarily reduced his request to $10,084.50.

and the various pleadings in this case, including but not limited to the February 5, 2013 order

regarding the disgorgement of fees (DE 102).[2]

Bankruptcy courts in the First Circuit use the "lodestar" approach to determine

reasonable attorneys' fees.   "Under the lodestar method, a court determines a fee award by

'multiplying the number of hours productively spent by a reasonable hourly rate to calculate a

base figure.'  .  .  . When computing the number of hours productively spent, the court should

discount time spent on unnecessary, duplicative, or overworked tasks." In re Sullivan, 674 F.3d

65, 69 (1st Cir. 2012) (citations omitted).  "Courts determine reasonable hourly rates based on

the nature of the work, the locality where it was performed, the lawyer's qualifications, and other

pertinent criteria."  In re Torres Lopez, 405 B.R. 24, 30 (1st Cir. BAP 2009) (citations omitted).

The party seeking compensation bears the burden of proof.  In re Little, 484 B.R. 506, 510 (1st

Cir. BAP 2013) (citations omitted).

The United States Bankruptcy Appellate Panel for the First Circuit provides a road map

for evaluating compensation for debtors' counsel in Chapter 13 cases:

> Section 330 governs the allowance of compensation for professional services in
> bankruptcy proceedings. With respect to chapter 13 cases, § 330(a)(4)(B)
> specifically provides:
>
>> In a ... chapter 13 case in which the debtor is an individual, the court may
>> allow reasonable compensation to the debtor's attorney for representing
>> the interests of the debtor in connection with the bankruptcy case based on
>> a consideration of the benefit and necessity of such services to the debtor
>> and the other factors set forth in this section.
>
> 11 U.S.C. § 330(a)(4)(B). And, with respect to compensation under any chapter, §
> 330 further requires the court to consider "the nature, the extent, and the value of

---

[2]  By way of background, the Debtors' Chapter 13 case was filed on June 11, 2011.  On December 7, 2012, the U.S.
Trustee filed a motion for an order to show cause why Mr. Gnecco should not be ordered to disgorge fees (DE 80).
On February 5, 2013, Judge Haines granted the U.S. Trustee's motion and ordered Mr. Gnecco to disgorge all but
$500 of the attorney's fees he had been paid in this case and further ordered that any future applications for
compensation by Mr. Gnecco shall only seek compensation for services rendered on or after January 31, 2013 (DE
102).

such services, taking into account all relevant factors." 11 U.S.C. § 330(a)(3).
These factors include:

> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount
> of time commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and experience in the
> bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other
> than cases under this title.
>
> 11 U.S.C. § 330(a)(3)(A)–(F).

Id.

Finally, Fed. R. Bankr. P. 2016(a) and D. Me. LBR 2016-1(a) impose obligations on

debtors' counsel when they seek to recover fees and expenses.

Mr. Gnecco has not met his burden of establishing that he is entitled to compensation of

$10,084.50 for his services for the period between January 31, 2013 and March 24, 2014.  At the

hearing on this matter on April 30, 2014, I gave Mr. Gnecco the option to submit a revised

Exhibit A to address the issue of the "lumping" of time entries and directed him to Maine

Bankruptcy Rule 2016-1(a)(3)(i)[3] which establishes the minimum standards for supporting

---

[3]  D. Me. LBR 2016-1(a)(3)(i) provides:

> **Time and Task Records.** The detailed statement required by Fed. R. Bankr. P. 2016(a) shall, at minimum,
> set forth a description of each task performed or service rendered, the date of performance or service, the
> identity of the individual performing each task or providing each service, and the time (in tenth of hour

documentation for fee applications.  Mr. Gnecco filed a revised exhibit on May 14, 2014.  While the amended timesheets address the "lumping" issue, for the reasons I discuss below, they are insufficient evidence for me to approve all compensation sought by Mr. Gnecco.

First, Mr. Gnecco has not provided an adequate description of each task such that I can assess whether the asked-for compensation is reasonable.  For example, time entries on March 1, March 4, March 11, March 14, March 15, April 2, April 16, April 18, April 19, May 3, May 5, May 7, May 8, May 10, May 13, May 28, May 29, 2013 are general and give me no basis upon which to determine "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of" the case.[4]  11 U.S.C. §330(a)(3)(C).

Further, several of the time entries appear to be items that should not be billed at an attorney's hourly rate.  For example, on March 24, 2014 Mr. Gnecco charged .4 of an hour at $225/hour to "redact review and upload debtor tax returns".  Such services, admittedly important, should not be performed by an attorney or should not be charged at attorney's rates. 11 U.S.C. § 330(a)(3)(B, D).

---

increments) expended on each task or service. Abbreviations and initials may be employed, but must be accompanied by explanations and references sufficient to make the itemization comprehensible

[4]  A non-exhaustive list of the general  time entries includes the following:

    3/1/13    Review email from Flagg Law of 2/28/13.  0.3
    3/1/13    Email response to Flagg Law.  0.3
    3/1/13    Review and respond to Flagg Law response.  0.4
    3/11/13   Telephone call w/Will Sandstead. 0.1
    3/11/13   Telephone call w/Will Sandstead. 0.1
    3/14/13   Telephone call w/Atty Flagg. 0.2
    3/14/13   Email from Atty Flagg following up on 3/14/13 call. 0.2
    3/15/13   Email from Atty Flagg following up on 3/15/13 call. 0.2
    3/15/13   Email to Atty Flagg re Notice. 0.6

Also, the time entries for April 3, 2013, April 10, 2013 and May 7, 2013 (4.0 hours) relate to the order to show cause issued on April 3, 2014.  That order was occasioned by Mr. Gnecco's failure to appear at earlier hearings.  That time should not be billed or charged to the Debtors.  11 U.S.C. § 330(a)(3)(C, F).

Applying the dictates of <u>Little</u> and 11 U.S.C. §330 to the facts of this case, I conclude that $4,000 is reasonable compensation based on the customary compensation charged by comparably skilled practitioners at this point in the travel of similar such cases.  Therefore, IT IS HEREBY ORDERED that pursuant to 11 U.S.C. § 330(a), Mr. Gnecco, as counsel for the debtors, is allowed the sum of $4,000.00 in fees, which is reasonable compensation for services rendered by him to the Debtors between January 31, 2013 and March 24, 2014. The trustee is authorized to pay this amount as an administrative expense from the plan's attorney's fees and administrative reserve consistent with the confirmation order.

Dated:  June 9, 2014

/s/  Peter G. Cary
Honorable Peter G. Cary
U.S. Bankruptcy Judge